O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.V., BY AND THROUGH HIS GUARDIAN AD LITEM, JERALDINE VENANCIO<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07466-MEMF-ADS<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS *IN LIMINE* [ECF NOS. 45, 46], AND DEFENDANTS' MOTION *IN LIMINE* [ECF NO. 51–55]** |

Before the Court are two (2) motions *in limine* filed by Plaintiff (ECF Nos. 45–46), and five (5) motions *in limine* filed by Defendants (ECF Nos. 51–55). For the reasons stated herein, the Court rules on the motions as described below.

I. **Background**

A. **Factual Background**

Plaintiff R.V. ("R.V."), by and through his guardian ad litem Jeraldine Venancio, filed a claim against Defendant WALMART ("Walmart"). This case concerns both a general negligence and a premises liability claim. R.V. alleges to have sustained injuries to his left knee as a result of negligently maintained and secured shelves that fell upon him inside one of Walmart's Lancaster locations. Walmart disputes liability and the reasonable value of R.V.'s damages.

1

**B. Procedural History**

On January 14, 2021, R.V. filed his Complaint, in the Superior Court of the State of California, County of Los Angeles, alleging: (1) general negligence and (2) premises liability. ECF No. 1-1 ("Complaint" or "Compl."). R.V. alleges that he suffered injuries at one of Walmart's Lancaster locations, due to Walmart's negligent maintenance and improperly secured shelves that collapsed on top of R.V. Compl. at 8, 9. On September 17, 2021, Walmart filed for removal, based on diversity jurisdiction, to this Court. ECF No. 1 ("Removal").

On June 19, 2024, R.V. filed two (2) motions *in limine*. ECF Nos. 45, 46. Oppositions to these motions were filed on June 28, 2024. ECF Nos. 56, 57. On June 20, 2024, Walmart filed five (5) motions *in limine*. ECF Nos. 51–55. R.V. filed oppositions for Walmart's motions one through four on July 3, 2024. ECF Nos. 64–67. The Court heard the motions at the Final Pretrial Conference, on July 17, 2024.

## II. Applicable Law

**A. Motions *in limine***

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

**B. Federal Rule of Civil Procedure 26**

    i. FRCP 26(a)(1)

Federal Rule of Civil Procedure 26(a)(1)(A) provides that a:

party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A). Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii).

While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. *See Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).").

ii.    FRCP 26(a)(2)

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert witness and submit an accompanying report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(A)–(B). This written report must contain, in part: (1) a complete statement of all opinions expressed by the witness and the "basis and reasons for them"; (2) the facts and data used by the witness in forming his or her opinions; and (3) the exhibits that will be used to support or summarize the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii). A party is also required to disclose their expert witnesses "at the times and in sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Further, absent a stipulation or a court order, expert disclosures must be made "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). "[T]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005); *see also United States v. Webb*, 115 F.3d 711, 719 n. 5 (9th Cir. 1997) *abrogated on other grounds by United States v. Espinoza-Valdez*, 889 F.3d 654 (9th Cir. 2018) *quoting* 1 Graham, § 611.3, at 819 ("The proper scope and function of rebuttal is thus refutation, which involves evidence which denies, explains, qualifies, disproves, repels, or otherwise sheds light on evidence offered by the defense[.]"); Black's *Law Dictionary* 1295 (8th ed.) (defining "rebut" as "to refute, oppose, or counteract (something) by evidence, argument, or contrary proof"); *see also U.S. v. Collins*, 90 F.3d 1420 (9th Cir. 1996) (finding the district court did not abuse its discretion by admitting rebuttal evidence of burglary to counter the adverse party's evidence). Rebuttal evidence may be used to challenge "the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."). The scope of rebuttal evidence is within the "broad discretion" of the court. *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991) ("The district court has broad discretion in deciding what constitutes proper rebuttal evidence."); *see also Geders v. United States*, 425 U.S. 80, 86 (1976) ("Within limits, the judge may control the scope of rebuttal testimony[.]" (internal citations omitted)).

## C.  Federal Rule of Civil Procedure 37

### i.  FRCP 37(c)(1)

"Rule 26(a)(2) requires litigants to disclose all expert witnesses at the times and in the sequence that the court orders." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021) (internal quotation marks omitted). An expert disclosure must be accompanied by a written report by the expert witness providing:

(i) a complete statement of all opinion the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c)(1) forbids a party from using any information or witnesses at trial not properly disclosed under Rule 26. Rule 37(c)(1) is a "self-executing," "automatic sanction" that "provides a strong inducement for disclosure." Fed. R. Civ. P. 37(c), advisory committee's note to 1993 amendment. "As the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Merchant*, 2021 U.S. App. LEXIS 9633, at \*12 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The party facing sanctions bears the burden to prove harmlessness. *Id.* at \*14.

**D.  Federal Rule of Evidence 401, 402, and 403**

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (Internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following

provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### E. Federal Rule of Evidence 702

The personal knowledge requirement for lay witnesses does not apply to expert testimony. Fed. R. Evid. 702. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting FED. R. EVID. 702). While Courts may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

/ / /

/ / /

### III.    Discussion

R.V. moves to exclude at trial (1) expert opinion testimony and opinions from Thomas Grogan and Jaqueline Bloink (ECF No. 45) and (2) expert opinion testimony and opinion from Britney Sanchez (ECF No. 46).

Walmart moves to exclude from trial (1) retained and non-retained expert opinion and evidence not disclosed in discovery (ECF No. 51); (2) evidence of medical specials not disclosed during initial disclosures (ECF No. 52); (3) billed medical amounts and limit the admissibility of medical specials (ECF No. 53); (4) "Golden Rule" and "Reptile" theory arguments (ECF No. 54); and (5) any references to Walmart's financial status, size, and/or wealth (ECF No. 55).

**A. Expert testimony of Thomas Grogan and Jaqueline Bloink shall be permitted (R.V.'s Motion *in limine* No. 1, ECF No. 45).**

R.V. requests that Walmart's experts, Thomas James Grogan, M.D., and Jaqueline Nash Bloink, be precluded from testifying because Walmart failed to timely disclose them in accordance with the Expert Disclosure deadline on May 28, 2024. ECF No. 45 at 1, 2. R.V. asserts that Walmart failed to provide reasoning for their delay and argues that any expert opinion and testimony from Grogan or Bloink would be prejudicial. *Id.* at 3, 4.

Walmart concedes that their disclosure was late, however, they contend that Grogan and Bloink should be allowed to testify because they promptly remedied the error and had, in fact, identified these experts long before the disclosure deadline. ECF No. 56 at 1, 3. Walmart defends that R.V. is not prejudiced as he was aware of Walmart's intention to call the experts, and thus had sufficient time to depose them. *Id.* at 4.

Not only does the Court find that the delay was infinitesimal, but it does not appear that R.V. can show any prejudice as a practical matter, these experts were disclosed nearly one year ago. The Court DENIES the Motion.

**B. Testimony of Britney Sanchez as a percipient witness shall be permitted (R.V.'s Motion *in limine* No. 2, ECF No. 46).**

R.V. requests that the Court bar any testimony and opinions of treating physician Britney D'ambra Sanchez, N.P. because Walmart failed to include her in their untimely filed Expert Disclosures. ECF No. 46 at 1. R.V. argues that Walmart did not provide reasoning for their failure,

any testimony would be prejudicial, and any further continuance would cause unnecessary delay. *Id.* at 4, 5.

Walmart argues that R.V.'s motion *in limine* is unfounded as Walmart only intends to call Sanchez as a percipient witness to provide testimony about factual observations, rather than expert opinions. ECF No. 57 at 2–3. Walmart indicates that R.V.'s motion is predicated on ulterior motives, noting that R.V. has had notice of their intent to call Sanchez based on the stipulated continuances that the Court granted and was even given additional time to complete depositions. *Id.* at 3.

As Walmart is not seeking to offer Ms. Sanchez as an expert witness, this motion is unnecessary and without basis. It is also difficult for the Court to see why this motion was filed if the parties indeed engaged in a good faith meet and confer which would have resolved this issue.

The Court DENIES the Motion. This is without prejudice to R.V. renewing the motion if and when Walmart seeks to offer Ms. Sanchez as an expert.

**C. Walmart has failed to identify the alleged experts "not disclosed during discovery" that it is seeking to exclude (Walmart's Motion *in limine* No. 1, ECF No. 51).**

Walmart requests that the Court exclude retained/non-retained expert testimony and/or evidence not produced during initial disclosures due to prejudice or, in the alternative, that expert opinions are limited only to those disclosed. ECF No. 51 at 2, 3. Walmart argues that R.V. failed to disclose the expert during discovery and subsequently submitted an incomplete report, in violation of Fed. R. Civ. P. 26(a)(2)(A)–(D). *Id.* at 2. Walmart anticipates that R.V. will introduce the expert testimony and evidence. *Id.*

R.V. argues that Walmart's motion in limine is unfounded because a Joint Stipulation to Modify the Scheduling Order set the expert disclosure deadline to May 28, 2024, thereby making their submissions timely. ECF No. 64 at 2.

Walmart has failed to identify what experts or opinions it is referring to and what it anticipates R.V. will seek to introduce in violation of Rule 26. Walmart also appears to be mistaken as to the relevant deadline for the disclosure of experts. It is also difficult for the Court to see why this motion was filed if the parties indeed engaged in a good faith meet and confer which would have resolved this issue.

The Court DENIES the Motion. This is without prejudice to Walmart renewing the motion if and when it learns of a specific expert that R.V. is seeking to offer in violation of Rule 26.

### D. Evidence not disclosed during initial disclosures shall/shall not be permitted (Walmart's Motion *in limine* No. 2, ECF No. 52).

Walmart requests that the Court exclude evidence related to the Statement of Damages, specifically an additional $190,000 in medical expenses, due to untimely disclosure. ECF No. 52 at 1. Walmart argues this failure has deprived them of the ability to investigate the increased cost, and would thus be prejudicial and misleading to the factfinder. *Id*. at 4-5.

R.V. argues (1) Walmart's motion *in limine* cites to irrelevant facts, (2) the additional expenses were not a surprise as they were marked "pending" on the Statement of Damages, reflecting R.V.'s ongoing surgeries, which Walmart was aware of, and (3) the additional billing is harmless since Walmart knew about the surgeries and had the opportunity to review the records, having subpoenaed and obtained the billing records. ECF No. 65 at 2.

Walmart was made aware of additional billing records through the course of discovery, so any alleged omission in the Initial Disclosures appears to be harmless and it is not clear what prejudice, if any, Walmart has suffered.

The Court DENIES the Motion.

### E. R.V.'s billed medical expenses shall be permitted (Walmart's Motion *in limine* No. 3, ECF No. 53).

Walmart requests that the Court limit the admissibility of medical expenses to the reasonable value of treatment and exclude unreasonable billed amounts, in accordance with *Howell v. Hamilton Meats & Provisions*, 257 P.3d 1130, 1141–42, 1145 (Cal. 2011) and *Corenbaum v. Lampkin*, 156 Cal. Rptr. 3d 347, 362–63, 365 (Cal. Ct. App. 2013). ECF No. 53 at 1, 2, 4. Walmart asserts that the allegedly inflated billed medical expenses are unreasonable, prejudicial, and would confuse the factfinder. *Id.* at 6.

R.V. contends that the billed amounts should be admissible as they are relevant to show the expenses incurred because he was receiving treatment through liens and will present expert testimony from Dr. Samimi. ECF No. 66 at 2, 3.

Damages for past medical expenses are limited to the "lesser of (1) the amount paid or incurred and (2) the reasonable value of the services rendered." *Qaadir v. Figueroa*, 283 Cal. Rptr. 3d 97, 103 (Cal. Ct. App. 2021) (quoting *Howell v. Hamilton Meats & Provisions, Inc.*, 257 P.3d 1130, 1137–1138 (Cal. 2011)). When a plaintiff is uninsured or chooses to receive treatment outside of their insurance plan, evidence of full billed amounts may be relevant "to prove or disprove both prongs of the medical damages calculation if it can be shown that the bills were incurred." *Qaadir*, 283 Cal. Rptr. 3d at 109–110 (citing *Pebley v. Santa Clara Organics, LLC.*, 232 Cal. Rptr. 3d 404, 406 (Cal. Ct. App. 2018)).

Put another way, evidence of unpaid billed amounts are admissible if the plaintiff is liable for them and if they are accompanied by evidence of the reasonable value of services rendered. *See Bermudez v. Ciolek*, 188 Cal. Rptr. 3d 820, 835–36, 839 (Cal. Ct. App 2015) ("The measure of damages of uninsured plaintiffs who have not paid their medical bills will usually turn on a wide-ranging inquiry into the reasonable value of medical services provided because uninsured plaintiffs will typically incur standard nondiscounted charges."); *Howell*, 257 P.3d at 1137 (noting that medical liens do not prevent a plaintiff from recovering the full billed medical amounts "*as long as the plaintiff legitimately incurs those expenses and remains liable for their payments*"). Uninsured plaintiffs are required to present evidence, such as expert opinion testimony, to establish the billed amounts' reasonable value.[1] *Bermudez*, 188 Cal. Rptr. 3d 840, 842.

In *Qaadir*, the plaintiff was injured in an accident, sought medical treatment outside of his insurance, and at the time of trial, his lien-based medical bills remained unpaid. *Qaadir*, 283 Cal. Rptr. 3d at 102–03. The court held that the trial court "abused its discretion [in] admit[ting] the evidence of the full unpaid medical bills without first requiring the plaintiff to demonstrate he actually incurred those amounts," but found the abuse of discretion to be harmless. *Id*. at 103. Following *Pebley*, the court reasoned that the bills must be an accurate reflection of the economic

---

[1] This Court does not find this to be in conflict with the holding in *Ochoa v. Dorado*, 174 Cal. Rptr. 3d 889, 903 (Cal. Ct. App. 2014), as Ochoa merely appears to hold that standing alone, "an unpaid medical bill is not evidence of the reasonable value of the services provided." *Id.* (discussing whether an unpaid medical bill could be evidence of reasonable value, apparently in the absence of any expert testimony or other evidence of reasonableness.)

loss suffered and financial liability. *Id.* at 109–10. The court further reasoned that there was no harm because the plaintiff's expert used benchmark databases to opine on the reasonable value of the medical services, the defendant presented their own expert testimony, and the jury ultimately awarded an amount within the two valuations. *Id.*; *Pebley,* 232 Cal. Rptr. 3d at 411, 412 (holding, following *Bermudez*, a plaintiff who seeks medical treatment outside of their health insurance will be treated as uninsured because "a tortfeasor cannot force a plaintiff to use his or her insurance to obtain medical treatment for injuries"); *Bermudez*, 188 Cal. Rptr. 3d at 839, 841–42 (holding uninsured plaintiffs with unpaid medical bills must introduce "substantial evidence of both the amount incurred and reasonable value of services," such as expert testimony, to admit the billed amounts as relevant).

The Court DENIES the Motion. This is without prejudice to Walmart renewing this motion if and when R.V. seeks to introduce billed amounts for bills paid through insurance or if R.V. fails to introduce relevant evidence of reasonableness.

**F.  Both parties will be prohibited from misstating the law in their arguments (Walmart's Motion *in limine* No. 4, ECF No. 54).**

Walmart requests that the Court bar any "Golden Rule" or "Reptile" theory arguments—arguments meant to appeal to a jury's concern for community safety and convince them that a heightened standard of care was owed—as they would be irrelevant and prejudicial. ECF No. 54 at 2, 4, 5, 6. Walmart anticipates that R.V. will make these arguments to appeal to the emotions and sympathies of the jury and is making the request as a precautionary matter. *Id.* at 2.

R.V. argues that Walmart's motion *in limine* should be denied as they erroneously attempt to exclude arguments not evidence, failing to comply with the purpose of motions *in limine*, as stated in *Kelly v. New W. Fed. Sav.*, 49 Cal.App.4th 659, 671 (1996). R.V. refutes Walmart's interpretations of the "Golden Rule" and "Reptile" theory arguments, asserting (1) juries, by nature, represent the community and are tasked with determining the appropriate behaviors within it, and (2) that the "Reptile" theory advocates for safety consideration in determining unreasonable conduct. ECF No. 67 at 5, 7.

The Court is disinclined to prohibit either party from presenting its theory of the case in the manner it feels will be most compelling to the jury.  However, misstating the law or misleading the jury as to the law is impermissible.  Therefore, the Court GRANTS the Motion in part, prohibiting both parties from misstating the applicable law in their arguments.

**G. Evidence concerning Walmart's size, profits, and/or financial condition shall be excluded (Walmart's Motion *in limine* No. 5, ECF No. 55).**

Walmart argues that the Court should exclude any evidence concerning their size, profits, and/or financial status because it would be irrelevant and prejudicial. ECF No. 55 at 1. Specifically, referencing their financial status is irrelevant to determining liability and would be highly prejudicial. *Id.* at 3, 4. R.V. did not file an opposition to this motion.

The Court GRANTS the Motion as it appears to be unopposed. See L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").

**IV.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  R.V.'s Motion *in limine* No. 1, ECF No. 45, is DENIED;

2.  R.V.'s Motion *in limine* No. 2, ECF No. 46, is DENIED;

3.  Walmart's Motion *in limine* No. 1, ECF No. 51, is DENIED;

4.  Walmart's Motion *in limine* No. 2, ECF No. 52, is DENIED;

5.  Walmart's Motion *in limine* No. 3, ECF No. 53, is DENIED;

6.  Walmart's Motion *in limine* No. 4, ECF No. 54, is GRANTED IN PART; and

7.  Walmart's Motion *in limine* No. 5, ECF No. 55, is GRANTED;

IT IS SO ORDERED.

Dated: July 22, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge